IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GUSTAVO MERCADO SANTIAGO,**<br><br>Plaintiff,<br><br>v.<br><br>**VIVIANA MARIE LLORET, et al.**<br><br>Defendant. | Civil No. 23-1606 (MBA) |

**OPINION AND ORDER**

In 2023, Gustavo Mercado Santiago ("Mercado") originally brought this civil action against Viviana Marie Lloret, Kenneth Arocho, and Luis Cruz Rivera ("Defendants"), alleging, among other claims, violations of Article 1536 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 10801. (ECF No. 1). Mercado sought relief for the injuries he sustained resulting from a beating at the restaurant and bar, *El Nuevo Corazón del Seis* ("*Nuevo Corazón*"), in the sum of $5 million. (*Id.*). Over a year later, on April 4, 2025, Mercado filed the operative Amended Complaint to include MAPFRE PRAICO INSURANCE COMPANY ("MAPFRE") as one of the defendants and referenced the "liability policy in effect on the day of the incident, issued by defendant." (ECF No. 70 at 24). In response, MAPFRE moved to dismiss the action under Fed. R. Civ. P. 12(b)(6), alleging that the court does not have subject-matter jurisdiction. (ECF No. 83 at 1). Specifically, MAPFRE argued that the action is time barred because the civil action filed against the insured parties did not toll the statute of limitations as to MAPFRE. (*Id.* at 7). Mercado opposed. (ECF No. 86).

For the reasons set forth below, MAPFRE's Motion to Dismiss is **DENIED**.

**BACKGROUND**[1]

On July 28, 2023, Mercado visited *Nuevo Corazón*. (ECF No. 70 at 4). There, he was beaten by employees and patrons. (*Id.* at 7-12). Due to the beating, Mercado suffered numerous injuries, including a shoulder injury that required surgery in July 2024, and for which he might have to undergo a complete shoulder replacement. (*Id.* at 2). Less than a year later, on December 11, 2023, Mercado

---

[1] For purposes of MAPFRE's Motion to Dismiss, the facts are taken from Mercado's Amended Complaint, ECF No. 70, and are presumed to be true.

filed the Initial Complaint against Viviana Marie Lloret, Kenneth Arocho, *Nuevo Corazón*, and unnamed defendants "John Does 1-10" and "ABC Corp 1-10." (ECF No. 1). However, Mercado did not file the operative Amended Complaint adding MAPFRE as a defendant until April 4, 2025, over a year after the incident. (ECF No. 70). MAPFRE now moves to dismiss the Amended Complaint alleging that the Initial Complaint did not toll the statute of limitations against it and that the claims against it are time-barred because the Amended Complaint was filed "1 year, 8 months, and 9 days" after the date of the incident, surpassing the one-year statute of limitations of tort claims under Article 1536 of the Puerto Rico Civil Code of 2020. (ECF No. 83 at 7). MAPFRE further argues that Mercado was not diligent in pursuing a claim against the insurance carrier, and therefore his failure to bring the action within the one-year period cannot be excused. (*Id.* at 8-10). The Court disagrees and finds that, at this juncture, MAPFRE has failed to conclusively establish it is entitled to dismissal.

## STANDARD OF REVIEW

To survive a motion to dismiss at the pleading stage, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). In evaluating a motion to dismiss, the court first sorts out and discards any "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration marks omitted). The remaining "[n]on-conclusory factual allegations" are fully credited, "even if seemingly incredible." *Id.* (citing *Iqbal*, 556 U.S. at 681). A court must not "forecast a plaintiff's likelihood of success on the merits." *Id.* at 13. Taken together, the allegations must "state a plausible, not a merely conceivable, case for relief." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010).

Additionally, a motion to dismiss under Rule 12(b)(6) premised on a statute of limitations affirmative defense may be appropriate if "the facts that establish the defense ... [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003). Moreover, "the facts so gleaned must conclusively establish the affirmative defense." *Id.* The defendant bears the burden of establishing that the claim against it is time-barred. *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 216

2

(1st Cir. 2016) (citing *Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez*, 659 F.3d 42, 50 n.10 (1st Cir. 2011)).

## ANALYSIS

MAPFRE has not conclusively established that Mercado's action is time-barred. In diversity tort actions, state substantive law and federal procedure law are applied. *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (2009) (quoting *Gasperini v. Ctr for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Because the statute of limitations in Puerto Rico is a substantive matter, Puerto Rico law applies. *Alejandro-Ortiz v. P.R. Elec. Power Auth.*, 756 F.3d 23, 26-27 (1st Cir. 2014) ("In Puerto Rico, the statute of limitations is a substantive and not a procedural matter.") (citing *Olmo v. Young & Rubicam of P.R., Inc.*, 110 P.R. Dec. 740. 742 (1981)). The statute of limitations for claims under Puerto Rico's tort statute, Article 1536 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 10801, is one year. P.R. LAWS ANN. tit. 31, § 9496. Said term begins to run "from the time the aggrieved person has knowledge thereof." *Rodriguez*, 570 F.3d at 406 (1st Cir. 2009) (citations omitted).[2] However, the statute of limitations for a tort action may be tolled by "the institution of an action before the courts, by an extrajudicial claim of the creditor, and by any act of acknowledgement of the debt by the debtor." *Tokyo Marine & Fire Ins. Co. v. Perez y Cia., de P.R., Inc.*, 142 F.3d 1, 4 (1st Cir. 1998) (cleaned up).

Furthermore, tolling of the statute of limitations as to one defendant may toll the statute of limitations as to other defendants. *See Hamdallah v. CPC Carolina PR, LLC*, 91 F.4th 1, 26 (1st Cir. 2024) (explaining the instances in which tolling the statute of limitations as to one defendant applies

---

[2] Here, although the relevant article of the Puerto Rico Civil Code of 2020 is Article 1536, P.R. LAWS ANN. tit. 31, § 10801, some of the applicable case law references Puerto Rico's previous tort statute, Article 1802 of the Puerto Rico Civil Code of 1930. Nonetheless, this District has stated that "Articles 1802 and 1536 have provisions that 'are extremely similar and thus can be used interchangeably.'" *Cabrera v. Romano's Macaroni Grill P.R., Inc.*, No. 22-1449 (MEL), 2024 U.S. Dist. LEXIS 216816, at *10 n.4, 2024 WL 4905665, at *4 n.4, (D.P.R. Nov. 27, 2024) (quoting *Orellano-Laureno v. Instituto Médico del Norte, Inc.*, No. 22-01322 (MAJ), 2023 U.S. Dist. LEXIS 121650 at *14 n.4, 2023 WL 4532418, at *6 n.4 (D.P.R. July 13, 2023)). *See also Dumanian v. FirstBank P.R.*, No. 22-1543 (CVR), 2024 U.S. Dist. LEXIS 12122, at *7 n.4, 2024 WL 197429, at *3 n.4 (D.P.R. Jan. 17, 2024) (noting that Article 1536 "contains the same elements as its predecessor, thereby leaving the tort statute practically unchanged. Therefore, all caselaw referencing or analyzed under the now defunct Article 1802 remains in effect and will be applied to any actions brought pursuant to Article 1536 of the Puerto Rico Civil Code of 2020.").

to the rest). Generally, whether the tolling applies between defendants depends on the kind of solidarity that is shared between them. *Milicevic v. Bayamon Hotel Co. LLC*, No. 22-1202 (HRV), 2024 U.S. Dist. LEXIS 21879, at *17, 2024 WL 404544, at *6 (D.P.R. Feb. 2, 2024). In cases where perfect solidarity exists, the tolling as to one tortfeasor tolls the statute of limitations as to other co-tortfeasors. *Hamdallah*, 91 F.4th at 26 (quoting *Calderón-Amézquita v. Rivera-Cruz*, 483 F. Supp. 3d 89, 106 (D.P.R. 2020)). And when imperfect solidarity exists, "the statute of limitations must be tolled as to each individual co-tortfeasor." *Id.* In insured-insurer relationships, such as the one here, an insurer is not "considered a joint tortfeasor for the simple reason that the insurance company does not participate in the tortious conduct." *Arroyo-Torres v. González-Méndez*, 212 F. Supp. 3d 299, 302 (D.P.R. 2016). As a result, the contractual relationship between the parties and the statutory regime governs the legal relationship between insured and insurer, rather than "solidarity" as it is understood in case law interpreting Puerto Rico's general tort statute. *Id.*

This District has for the most part denied motions to dismiss and motions for summary judgment in which the insurance companies argue that an initial complaint against their insured did not toll the statute of limitations as to them. However, courts in this District have reached this conclusion in various ways. In one thread of cases, the Court has stated that since section 2003 of the Insurance Code, P.R. LAWS ANN. tit. 26, § 2003 (also known as the direct-action statute), allows for the plaintiff to file a complaint against the insurer after securing the final judgment, then the timely filing of a complaint against the insured has the effect of tolling the statute of limitations as to the insurer. *Arroyo-Torres*, 212 F. Supp. 3d at 304-05 (relying on *Barrientos v. Gov't of the Capital*, 97 P.R. Dec. 552, 577 (1969)); *González-Morales v. Presbyterian Cmty. Hosp., Inc.*, No. 13-1906 (PG), 2017 U.S. Dist. LEXIS 7586 at *16, 2017 WL 212234, at *6 (D.P.R. Jan. 18, 2017) (relying on *Burgos v. Centro Imágenes Manatí*, No. CDP2013-0081(401), 2015 PR App. LEXIS 3301, at *15-17, 2015 WL 5920758, at *6-7 (T.C.A. July 23, 2015)); *see Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, No. 12-1862 (JAF), 2016 U.S. Dist. LEXIS 55875, at *18-19, 2016 WL 1642627, at *6 (D.P.R. April 25, 2016) ("Since the joint obligation undertaken by these parties was created by contract and operates pursuant to a statutory regime, they also share perfect solidarity over the liabilities covered by the insurance contract, which the parties agree includes plaintiffs' injuries.").

In another line of cases, the Court has looked at the same direct-action section of Puerto Rico's Insurance Code, but focused on the limitation: "[a]ny individual sustaining damages and losses shall have, at his option, a direct action against the insurer *under the terms and limitations of the policy*." P.R. LAWS ANN. tit. 26, § 2003 (emphasis added). Seeing liability as limited to the terms of the insurance policy, these decisions have held that solidarity must "clearly arise" from the contract in order for the tolling of the statute of limitations as to one party to extend to the other. *Figueroa v. Valdés*, No. 15-1365 (DRD), 2016 U.S. Dist. LEXIS 39729, at *18, 2016 WL 1171512 at *7 (D.P.R. Mar. 24, 2016) (citing *Gen. Accident Ins. Co. P.R., Ltd. v. Ramos Díaz*, 148 P.R. Dec. 523, 536 (1999)); *Sierra-Figueroa v. Presbyterian Cmty. Hosp., Inc.*, No. 24-1361 (MAJ), 2025 U.S. Dist. LEXIS 81469, at *10, 2025 WL 1220585, at *4 (D.P.R. April 28, 2025); *Colón-Torres v. BBI Hosp. Inc.*, 552 F. Supp. 3d 186, 195 (D.P.R. 2021). Nonetheless, these cases have gone on to deny motions to dismiss when the insurance contract is not part of the record and the plaintiff provides sufficient allegations that plausibly establish perfect solidarity between them and their insurer. *See Sierra-Figueroa*, 2025 U.S. Dist. LEXIS 81469, at *10-11, 2025 WL 1220585, at *4 (denying a motion to dismiss where the contract was not part of the record and the plaintiff provided sufficient allegations to establish it is plausible that defendants may be solidarily liable); *Figueroa*, 2016 U.S. Dist. LEXIS 39729, at *19, 2016 WL 1171512 at *7 (same). As discussed below, either approach here leads to the same result.

MAPFRE states, without providing a legal authority, that "unless so agreed in a policy contract, there is no joint liability of any kind between the insured and the insurer. Therefore, the causes of action that a person who has suffered harm may have against the person causing the harm and their insurer, if any, are independent and separate, requiring that the prescriptive period be interrupted for each of these parties individually." (ECF No. 83 at 7). As a result, MAFPRE concludes that Mercado had to toll the statute of limitations as to each co-defendant individually because imperfect solidarity exists between them and the Defendants. (ECF No. 83 at 11). However, MAPFRE fails to provide any contractual evidence to support the claim that there is no joint liability and fails to acknowledge or rebut the references made by Mercado to the contract.

Meanwhile, citing to some of the cases mentioned above, Mercado argues that the solidarity analysis is not applicable in insured-insurer relationships and that the Court does not need to look at

5

the contract since the existence of an insured-insurer relationship establishes liability. (ECF No. 70 at 5-10).[3] Mercado also argues, in the alternative, that the language submitted from the Defendant's insurance contract, together with other relevant statutory provisions, are sufficient for solidarity to be inferred. (ECF No. 86 at 11).

In the end, regardless of which analytical approach should govern, the Court finds that MAPFRE did not meet its burden of conclusively establishing it is entitled to dismissal. First, Mercado provided sufficient allegations to establish that MAPFRE is the Defendant's insurer and that the Initial Complaint was timely filed as to the insured. (ECF No. 70 at 24). *See Rivera-Carrasquillo*, 2016 U.S. Dist. LEXIS 55875, at *18, 2016 WL 1642627, at *6 (stating that the insured was timely sued because the insurer was timely sued, and "under Puerto Rico law, 'insured defendants and their insurance companies are solidarily liable for the acts of the insured.'") (quoting *Tokyo Marine*, 142 F.3d at 7). Second, even though the insurance contract itself is not part of the record, Mercado alleged sufficient facts as to plausibly establish solidarity between MAPFRE and the Defendants. (ECF No. 70 at 24 ("We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages.")); *see Sierra-Figueroa*, 2025 U.S. Dist. LEXIS 81469, at *10, 2025 WL 1220585, at *4 (denying a motion to dismiss where the contract was not part of the record but the plaintiff alleged sufficient facts to plausibly establish the existence of perfect solidarity between the parties); *Figueroa*, 2016 U.S. Dist. LEXIS 39729, at *19, 2016 WL 1171512 at *7 (same).

Despite bearing the burden of proof, MAPFRE failed to acknowledge Mercado's references to the contract in his Amended Complaint or provide any support for their contention that the

---

[3] Mercado also alleges that solidarity may arise through statutes such as the Puerto Rico Insurance Code and the vicarious liability article of the Puerto Rico Civil Code, PR LAWS ANN. tit. 31 § 10805. (ECF No. 86 at 7, 14). Mercado cites the vicarious liability article and *Ramirez-Ortiz v. Corporación del Centro Cardiovascular de P.R. y del Caribe*, a case which addresses employee-employer vicarious liability, and attempts to equate vicarious liability to the solidarity that the Court has held that arises from the Insurance Code. 994 F. Supp. 2d 218 (D.P.R. 2014); (ECF No. 86 at 14). However, Article 1540 "provides an exhaustive list of circumstances in which a party may be vicariously liable for another party's tort," *Ramirez-Ortiz*, 994 F. Supp. 2d at 224, and does not include the insured-insurer relationship; therefore, it is inapplicable to the case at hand.

contract did not establish solidarity. *Compare Diaz-Rivera v. Supermercados Econo, Inc.*, 22 F. Supp. 3d 146, 150-53 (D.P.R. 2014) (denying a motion to dismiss where the plaintiff successfully established doubt as to whether the claim was time-barred) *with LaChappelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998) ("Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred."). Without more, and given Mercado's timely suit of the insured defendants,[4] MAPFRE's motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons, MAPFRE's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this August 5, 2025.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge

---

[4] This finding renders irrelevant MAPFRE's allegations that Mercado did not act diligently.